ROBERT BROADMAN, complainant-respondent,

*v.*

COLONIAL BUILDING-LOAN ASSOCIATION, defendant-appellant,

[Argued February 12th, 1935. Decided May 17th, 1935.]

276

*Messrs. Henn & Burr* (*Mr. John Milton,* of counsel), for the respondent.

*Mr. George C. Tennant,* for the appellant.

The opinion of the court was delivered by

PERSKIE, J.

Appellant, in a prior chancery suit, filed a bill to foreclose a mortgage which had been executed by the respondent to the appellant, in the sum of $7,000 and covered respondent's property in Jersey City. Respondent was made a party defendant to that foreclosure suit because he had signed the bond secured by the mortgage which was being foreclosed; he was properly served with the usual process of subpœna and ticket. The respondent stood mute in that foreclosure suit; he did nothing about it. Appellant regularly prosecuted the foreclosure suit; on February 19th, 1934, it obtained a final decree for $7,262.50, plus interest from February 15th, 1934. The taxed costs were $253.73 and the sheriff's execution fees were $117.37. A sale of the premises was held on April 15th, 1934, and appellant purchased the premises for $100 subject to taxes aggregating about $1,145.80 and water rent of $54.09. There were no other bidders. Respondent continued mute, and made no objection to the confirmation of the sale.

Thereafter, on May 10th, 1934, appellant instituted a suit in the supreme court (Hudson circuit) against respondent, as obligor on his bond, to recover the deficiency. Whereupon

on May 28th, 1934, respondent filed a bill in chancery, an independent plenary suit, wherein he set forth, *inter alia,* that the price of the bid was inadequate; that the premises were worth greatly in excess of the price paid for it by appellant, stating that the premises had a value of $10,000 and over; that there was no market for the sale thereof; that because of the present financial depression and resultant inability to refinance the property he was unable to exercise his right of redemption, which right he claimed had been nullified by the depression, or to otherwise protect himself in the premises; and that it would be unconscionable for the appellant to receive benefits under its decree at a time when conditions complained of were due to a financial emergency. The prayer to the bill was that the confirmation of the sale in the foreclosure suit should be set aside and a new sale had, or that the matter should be referred to a master to determine the fair value of the premises at the time of the sale, which value the appellant herein should be compelled to credit on account of said deficiency. On the same day, May 28th, 1934, a rule to show cause was allowed why the further prosecution of the law suit for the deficiency should not be restrained; the rule also contained an *ad interim* restraint. On June 18th, 1934, the matter was referred to a master to inquire into, ascertain and report the fair value of the premises as of the day of the sale thereof. The master reported the fair value thereof to be $9,100 and that the sum so determined should be credited on the bond of the respondent as against the amount then due appellant, namely $8,910.01. It will serve no useful purpose to detail the exceptions filed to the report of the master; suffice to note, in passing, that they were overruled. The master's report was ratified and confirmed on January 11th, 1935; it was decreed that there was nothing due appellant on respondent's bond and the *ad interim* restraint of the law suit for the deficiency, was made permanent, and it was further decreed that any other suit for any deficiency on respondent's bond be likewise permanently restrained and enjoined.

Under the proofs of the case at bar, the decree of the court

below cannot and should not be sustained. Particularly appropriate here is the holding of this court, by Chief Justice Gummere, in the case of *Murray* v. *Pearce, 95 N. J. Law 104* (at *p.* 106): "* * * His failure to raise the question [credit for insurance received by mortgagee before foreclosure] in that [foreclosure] suit cannot operate to relieve him of the adjudication of that court or destroy to any extent its legal effect. As between him and the present appellant the decree was *res adjudicata* on the question of the mortgage debt, and he could only obtain relief against the binding force of that decree by an application to the court in which it was entered." Appellant's right to prosecute the law suit for the deficiency on respondent's bond is clear and certain. *Murray* v. *Pearce, supra; Vanderbilt* v. *Brunton Piano Co., 111 N. J. Law 596.*

The material facts of this case are not unlike those in *Fruzynski* v. *Jablonski, 117 N. J. Eq. 117;* in fact, they are practically identical, save that in the cited case the suit was by petition in the same cause, while here it was by bill in an independent plenary suit. It appears to us that this distinction serves as a striking illustration and emphasizes all the more the applicability of our holding in the *Fruzynski* v. *Jablonski Case* to the case at bar; we hold it to be controlling and dispositive of the instant case.

Decree is reversed.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Parker, Case, Bodine, Donges, Heher, Perskie, Van Buskirk, Kays, Hetfield, Dear, Wells, JJ. 12.