Augustus FINLEY, Jr., and Isabelle D. Finley, Appellants,

v.

Melvyn FRIEDMAN, Appellee.

No. 2504.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 25, 1960.

Decided April 14, 1960.
Rehearing Denied April 27, 1960.

Frederick H. Evans, Washington, D. C., with whom William S. Thompson and Verginald L. Dolphin, Washington, D. C., were on the brief, for appellants.

Nathan L. Silberberg, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

This is an appeal from a judgment for $2,654.03, being the balance found due by the court on a promissory note signed by appellants.

The facts and circumstances are that appellant Augustus Finley, a part-time real-estate salesman connected with the office of a real-estate broker, and his wife were persuaded to accommodate the broker by acting as straw parties in taking title to certain real property in order that the broker might consummate a collateral sale. The transaction called for appellants to sign the note in question, originally in the amount of $3,341.22, payable in monthly instalments and secured by a second deed of trust on the property. The broker also arranged for appellee Friedman to purchase the note, and the payments thereon were made by one Muldrow who later purchased the property in question. When Muldrow defaulted in his payments appellee notified the trustees in the deed of trust; a sale was made under the power contained in the trust, and the

appellee bought the property in at "either five hundred or a thousand" over the amount of the first trust. This action was then instituted to recover from the accommodation parties, the appellants, the balance due on the face of the note.

Appellants filed a general denial, but at trial defended affirmatively on the basis of the foreclosure and claimed that the action should be one on the deficiency. The court allowed appellee to orally amend his complaint to include a count on the deficiency as an alternative cause of action. Appellants requested a continuance to prepare an answer to the amended complaint, but the court refused stating that appellants were not surprised as they themselves had raised the issue of foreclosure. The trial proceeded to judgment for appellee for the total amount then due on the note.

■ It appears from the authorities that the sole action on a note secured by a mortgage or deed of trust after a foreclosure is an action for the difference between what was realized at the sale and what is owed on the debt. It makes no difference that both a note and deed of trust are executed; a creditor can have but one satisfaction, and after a foreclosure sale the proceeds must be applied to payment of the debt leaving the note actionable for the deficiency only.[1]

"* * * [T]here can be no judgment if the proceeds of the sale equal or exceed the whole mortgage debt; but if the proceeds be insufficient to pay the debt, there may be judgment for the balance after deducting the proceeds of the sale." 3 Jones, Mortgages, § 1583.

■ Our own Code sections[2] indicate that a deficiency judgment may properly be rendered by the court at a judicial fore-closure; and that after a sale pursuant to a power contained in a deed of trust the purchasing creditor need pay to the trustee only the excess of the purchase money over what is owed him. It would be inconsistent with all the authority in this area and with our own Code sections to hold that if the sale brings less than the amount of the debt, a purchasing creditor need not apply the amount realized to the debt before he is allowed to maintain an action on the debtor's personal obligation.

■ In view of the foregoing, the alternative cause of action for the deficiency, which appellee was allowed to include by oral amendment, was in effect his only cause of action. In this connection it was error for the court to allow the complaint to be orally amended over objection. The rules of the Municipal Court, like the Federal Rules, contemplate that all pleadings be in writing, and without a written complaint it would be impossible to set forth with certainty and clarity the fact of foreclosure, the proceedings at the sale, the amount received, the balance due on the note and the deficiency claimed.

■ The appellants in turn should have been given an opportunity to answer this amended complaint. Rule 15(a) of the Municipal Court Rules suggests that a party be given ten days, in the discretion of the court, in which to reply to an amended pleading. Appellants, since they were accommodation parties only, would require at least this amount of time to inquire into the circumstances behind the sale and to determine if there were grounds to contest its validity at trial. The fact that they raised the issue of foreclosure and were not surprised thereby does not mean that they knew all there was to know about the sale. If appellee himself was unsure, as he claimed, of the amount he paid over the first

1. Walton v. Washington County Hosp. Ass'n, 178 Md. 446, 13 A.2d 627, 128 A.L.R. 970; Winne v. Lahart, 155 Minn. 307, 193 N.W. 587, 34 A.L.R. 844; Hewey v. Richards, 116 Vt. 547, 80 A.

2d 541; 2 Jones, Mortgages, § 1212; 37 Am.Jur., Mortgages, § 857.

2. Code 1951, §§ 45-616 and 45-617.

trust, we are unaware how appellants could know more about appellee's business than he did. This was the very information that appellants needed in order to prepare an adequate defense.

■ We reach the conclusions in this case that the court committed error in rendering judgment for the full balance due instead of a deficiency after foreclosure on the security; in allowing appellee to orally amend his complaint; and in not granting a continuance to appellants to meet the amendment. The cause is remanded for a new trial in accordance with the opinions expressed herein.

Reversed with instructions to grant a new trial.