**William Chester BURKE, Appellant,**

v.

**Helen Marguerite BURKE, Appellee.**

No. 2523.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 15, 1960.

Decided May 24, 1960.

David I. Abse, Washington, D. C., for appellant.

A. Slater Clarke, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, 11–776(b).

HOOD, Associate Judge.

On February 27, 1959, appellee was granted an absolute divorce from appellant and awarded custody of their child; and appellant was ordered to pay alimony and support for the child. Approximately six months later she moved for an increase in alimony. He countered by moving that the alimony be reduced. After a hearing the court found there had been no substantial change in the economic position of either party and denied both motions. He has appealed.

Appellant argues that he was denied an opportunity for a full and complete hearing on his motion. The record shows otherwise. He further argues that the trial court was arbitrary in failing to consider his affidavit and in failing to take testimony. There is nothing in the record to show that the court failed to consider the affidavit and the record shows no proffer of testimony by appellant or by any witness on his behalf. We find no merit in either of appellant's first two points.

His third point requires some elaboration. It relates to that portion of the order which, after denying the motions for increase and reduction of alimony, ordered appellant to cause title to a certain automobile to be transferred to appellee. The record shows that after the court had announced it would deny both motions, counsel for appellee asked if the court would "consider the question of the automobile." To this the court replied: "What is the story on that?" There followed a discussion by counsel for both parties concerning the automobile which apparently has been in possession of appellee prior to and subsequent to the divorce, although legal

title was in a corporation controlled, by appellant. At the conclusion of the discussion the court stated: "I'll order him to see to it that the title of this car is turned over to her so she can have it."

■■ The action of the court respecting the automobile was erroneous. The only issue before the court was the question of increase or reduction of alimony. Neither motion mentioned the automobile. Even under what Judge Bastian recently referred to as "the casual pleading indulged by the courts under the Federal Rules of Civil Procedure,"[1] the pleadings should raise, or at least suggest, the issues before the court. We have recently had occasion to point out the danger inherent in oral pleadings or amendments.[2] Nowhere in the record do we find the basis of the claim of appellee to title in the automobile. During the course of the discussion in the trial court, reference was made to the original hearing in the divorce action, and the record shows that in his answer to the divorce action appellant stated that he had furnished appellee with an automobile, which is apparently the same automobile here involved. But the original decree granting divorce and alimony made no reference to the automobile. As said before, we cannot find the basis for appellee's claimed title in the automobile and neither can we find the basis of the order requiring appellant to transfer title to her.

Is the claim to the automobile made as a part of the claim for alimony? A court is without power to award the husband's property to the wife in lieu of, or in addition to, the award of alimony.[3] Is the claim here based on a claim to equitable ownership in the automobile? If so, how did the equitable ownership arise? On the record before us there was no basis for ordering transfer of title to the automobile.

The order denying the motions for increase and reduction of alimony is affirmed. The order requiring transfer of title to the automobile is reversed.

---

1. Meadow Gold Products Co. v. Wright, D.C.Cir., 1960, 278 F.2d 867. Unless otherwise provided, the applicable Federal Rules of Civil Procedure, 28 U.S.C.A., govern in the Domestic Relations Branch of the Municipal Court. Code 1951, 11-766 (Supp. VIII).

2. Finley v. Friedman, D.C.Mun.App., 1960, 159 A.2d 668.

3. Wheeler v. Wheeler, 88 U.S.App.D.C. 193, 188 F.2d 31.