William Chester BURKE, Appellant,

v.

Helen Marguerite BURKE, Appellee.

No. 2905.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 8, 1962.

Decided Feb. 21, 1962.

David I. Absé, Washington, D. C., for .appellant.

Thomas B. Lawrence, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

MYERS, Associate Judge.

On February 27, 1959, an order was entered in the trial court granting appellee an absolute divorce from appellant and awarding her custody of the minor child of the parties. Appellant was directed to pay her the monthly sums of $250.00 for alimony and $150.00 for support of the child. Subsequently appellee filed a motion to increase her alimony payment and appellant filed a motion to reduce the same. Both motions were denied by the trial judge on September 18, 1959. Appellant noted an appeal and this court affirmed the lower court.[1] On February 17, 1961, appellant filed a second motion to reduce his monthly alimony and support payments. Again the trial judge refused to grant his motion, and this appeal followed.

Primarily appellant complains that the trial judge erred as a matter of law in failing to find that changes in his financial circumstances compelled a reduction in the support monies being paid by him.

Appellant's second motion to reduce involved several issues of fact to be decided by the trial judge. Had there been a significant reduction in appellant's income, or did he have an undisclosed income from some source in connection with his controlling interests in two business corporations? Had appellant made a substantial effort to adjust his own living costs so he could continue to contribute to the support and maintenance of his former wife and his ailing eighteen-year-old daughter? Were their needs reasonable and continuing? These and other factors were weighed and evalued by the trial judge in the light of

1. D.C.Mun.App., 161 A.2d 56.

all the evidence. They were resolved against appellant in the final decision denying the motion, and the trial judge found that appellant, with his present income, could meet the support payments as previously ordered without serious effect upon his own living needs.

No authority needs to be cited in support of the proposition that the trial judge, sitting as trier of the facts, determines the credibility of the witnesses and the weight to be accorded their testimony, and his findings will not be disturbed unless clearly erroneous. We have reviewed the transcript and the argument of counsel. Appellant has failed to sustain the burden of persuading us that we should overrule the determination of the trial judge.

.. Affirmed.