OHIO CITIZENS BANK, APPELLEE, *v.* MEYER, EXR., APPELLANT, ET AL.; TOLEDO TRUST COMPANY ET AL., APPELLEES.

(No. 7-83-18—Decided January 10, 1985.)

*Marvin Robon* and *Russell Miller,* for appellee Ohio Citizens Bank.

*Meekison & Donovan, James Donovan* and *John Donovan,* for appellant.

*Robert E. Fraker,* for appellee Toledo Trust Company.

*Martin E. Hoeffel,* for appellee Home Savings and Loan Association of Defiance.

COLE, J. This is an appeal by defendant, Norman J. Meyer, Executor of the Estate of Joan R. Meyer, from a judgment entered by the Court of Common Pleas of Henry County whereby the plaintiff, the Ohio Citizens Bank, was granted a summary judgment.

This case involves complex facts and it is important to clearly identify the parties and their interests. The plaintiff is Ohio Citizens Bank ("Citizens Bank"). The five defendants are as follows: (1) & (2) Norman Meyer, individually and as Executor of Joan R. Meyer's Estate; (3) Jean Meyer; (4) Toledo Trust Company ("Toledo Trust"); and (5) Home Savings and Loan Association of Defiance ("Home Savings and Loan").

On February 17, 1983, plaintiff Citizens Bank filed a complaint for foreclosure of a certain judgment lien against the defendants alleging that Citizens Bank had a priority judgment lien on land described in the complaint and hereafter called "premises." The complaint alleged that on September 24, 1982, plaintiff recovered a judgment against Norman Meyer, individually and as Executor of the Estate of Joan Meyer, in the amount of $754,609.08 in the Court of Common Pleas of Lucas County, Ohio. On September 24, 1982, plaintiff received a certificate of judgment from the Clerk of Courts of Lucas County. This certificate of judgment was filed on September 29, 1982 in the office of Clerk of Courts of Henry County in the Henry County Judgment Lien Docket. Plaintiff claimed that, upon filing, this constituted a valid and subsisting lien on all real property owned by Norman Meyer and Joan Meyer (deceased). The property herein involved is located at 24 Lakeview Drive, Napoleon, Ohio (hereinafter, as noted above, the "premises").

Plaintiff further alleged that after foreclosure of other property, it had a deficiency judgment. This remained, plaintiff claimed, unpaid and amounted to $497,419.16. Plaintiff also claimed that Jean Meyer, Toledo Trust and Home Savings and Loan may claim an interest in the premises, but that these interests are subordinate to that of plaintiff. Plaintiff requested that defendants set out their interests. Also, plaintiff asked for foreclosure on the premises, and that its lien be declared the first and best lien, and that the proceeds from the sale of the premises be paid to it.

Home Savings and Loan answered, claiming that it had two secured loans granted to Norman and Joan Meyer, secured by mortgages on the premises. These two mortgages were duly filed in Henry County on March 23, 1973, and October 31, 1975. Home Savings and Loan claimed that these mortgages are the first and second best liens and that upon foreclosure of the premises it should be paid first, due to these liens.

Jean Meyer answered admitting that she is presently the spouse of Norman Meyer and has a dower interest in the premises.

Toledo Trust answered alleging that it recovered a judgment against Norman Meyer in Henry County Court of Common Pleas and that a judgment lien was duly filed in Henry County and continued to be in full force and effect as it pertains to the property. Toledo Trust requested that priorities be determined and the proceeds of the sale of the premises be paid to it.

Norman Meyer, individually, answered stating that Joan Meyer died on September 22, 1981 and that her estate was currently pending in Henry County

Court of Common Pleas, Probate Division. Norman Meyer admitted that he has a one-half ownership in the premises, that he is the sole devisee of Joan Meyer's will and that Joan Meyer is the record owner of a one-half interest in the premises. Norman Meyer admitted that Toledo Trust had an interest in the premises due to a mortgage and certificate of judgment.

Norman Meyer, as Executor of the Estate of Joan Meyer, answered admitting the *issuance* of a certificate of judgment. However, *inter alia,* he denied the validity of the lien of the certificate of judgment on the real estate owned by the decedent. Further, he admitted that Joan Meyer was seized of a one-half interest of the premises at the time of her death and that the estate was currently under administration. This defendant requested that if the premises is sold that one-half the proceeds be given to the Estate of Joan Meyer to pay debts of decedent in accordance with R.C. 2117.25. Finally, he claimed that since the lien did not come into existence until after Joan Meyer's death plaintiff's claim is not entitled to the status of a lien as to debts of the decedent and that plaintiff's claim is entitled to priority only under R.C. 2117.25.

On September 13, 1983, plaintiff filed a motion for summary judgment. Defendant, also, filed a motion for summary judgment on October 15, 1983. The facts were essentially undisputed and fully set forth in the pleadings and the admissions in the answers. The lower court granted plaintiff a summary judgment, ordering the amount of money due to each party and the priority of each. With respect to the one-half interest of Norman Meyer, individually, the order of payments was as follows: (1) Henry County Treasurer; (2) Home Savings and Loan; (3) Toledo Trust; and (4) Citizens Bank. With respect to the one-half interest of Norman Meyer as Executor of the Estate of Joan Meyer the order of payments was as follows: (1) Henry County Treasurer; (2) Home Savings and Loan; and (3) Citizens Bank. Norman Meyer as executor now appeals the court's granting of summary judgment to Citizens Bank and the overruling of his motion for summary judgment.

The appellant asserts four assignments of error.

### Assignment of Error I

"The court of common pleas erred in finding that filing a certificate of judgment following a judgment debtor's death creates a lien upon the judgment debtor's real property."

Appellant argues that plaintiff's filing of a certificate of judgment from another county obtained after the debtor's death did not create a lien on the property owned by the debtor-decedent at her death.

Generally, "[j]udgment liens, where not otherwise limited, extend to all the lands of the judgment debtor within the territorial jurisdiction of the court rendering the judgment. * * * However, under the present provisions of the Code, judgments operate as liens upon the lands and tenements of the judgment debtor within 'any county' wherein a certificate of the judgment is filed. * * *" (Footnotes omitted.) 32 Ohio Jurisprudence 2d (1975) 565, Judgments, Section 341. See *Kremer* v. *Keating* (C.P. 1947), 35 O.O. 1.

In the present case, when plaintiff received a certificate of judgment in Lucas County, Ohio and filed such with Henry County, it *could* have operated as a lien upon the deceased Joan Meyer's estate (one-half interest in the premises). This rule, however, only applies if the certificate of judgment could operate as a lien in the first place.

We must decide if the certificate of judgment issued *after the death* of Joan Meyer operates as a lien. If not, then plaintiff has an unsecured claim and is

merely a general creditor subject to the provisions of the Probate Code for payment of debts.

A court of appeals has held that:

"Upon the death of the decedent, title to said premises passed to the devisees under her will and not to the administratrix.

"* * *

"The judgment debtor, the administratrix, never was the owner of the land under consideration, and hence no lien could attach thereto because of a judgment against her." *Akron Commercial Securities Co.* v. *Ritzman* (1945), 79 Ohio App. 80, 86 [34 O.O. 460].

In the case *sub judice,* Joan Meyer died on September 22, *1981.* The certificate of judgment was received on September 24, *1982* from Lucas County Court of Common Pleas against Norman Meyer, individually and as Executor of the Joan Meyer Estate. Plaintiff filed the certificate of judgment in Henry County on September 29, 1982. Thus, plaintiff obtained the certificate of judgment after the owner's death at a moment title had already passed, subject to existing liens, to the devisees under the will, and subject to the right of the executor to sell the premises to pay debts of the estate. The judgment of the trial court denies to the executor his right to sell real estate to pay debts and the ultimate use of the proceeds for this purpose.

The judgment could not act as a lien on decedent's estate. Her estate was fixed at death.

The assignment of error is well-taken.

## Assignment of Error II

"The court of common pleas erred in failing to find that claims reduced to judgment after the death of a decedent in an action against the administrator or executor of an estate do not give judgment creditors a secured claim against an estate and such claims are not entitled to priority over the order in which debts of a decedent are to be paid as set forth in Ohio Revised Code Section 2117.25."

## Assignment of Error III

"The Court of Common Pleas erred in failing to apply Ohio Revised Code Section 2117.25 on the issue of priority of claims against Joan R. Meyer's estate."

These two assignments of error will be discussed together.

"The right[s] of creditors of a decedent attach and become a lien or liens on his property the moment life leaves him, and they must then be determined from the then existing conditions, and no general creditor has the right by force of circumstances which arise more than eight months afterwards to change the order of payment or distribution. Such a change would operate as a fraud against other creditors. * * *" *Swackhammer* v. *Fulton* (C.P. 1934), 32 Ohio N.P. (N.S.) 100, 103.

Joan Meyer died on September 22, 1981. At that point in time plaintiff had not received a judgment of any kind against Norman Meyer or Joan Meyer. Thus, at the time of Joan Meyer's death, plaintiff merely had an unsecured claim against Joan Meyer. The status or rights of this plaintiff became attached and fixed at the death of Joan Meyer. Since plaintiff's claim was unsecured at Joan Meyer's death, it remains unsecured when distribution occurs. Plaintiff cannot change its status as a general creditor to a secured, preferred creditor by obtaining a judgment after death.

The lower court's recognition of the certificate of judgment thereby secured plaintiff's claim and changed plaintiff's status as creditor after the death of Joan Meyer. This is an abrogation of the principles of administration of estates. See *Swackhammer, supra.*

Further, the court's recognition of the certificate of judgment was contrary

to R.C. 2117.25. R.C. 2117.25 provides the order in which debts are to be paid out of the estate and provides in part:

"Every executor or administrator shall proceed with diligence to pay the debts of the deceased, and shall apply the assets in the following order:

"(A) Costs and expenses of administration;

"(B) Bill of funeral director not exceeding eight hundred dollars for funeral and burial expenses, and such funeral expenses other than the bill of the funeral director as are approved by the probate court;

"(C) The allowance made to the surviving spouse and children;

"(D) Debts entitled to a preference under the laws of the United States;

"(E) Expenses of the last sickness of the decedent;

"(F) Personal property taxes and obligations for which the decedent was personally liable to the state or any of its subdivisions;

"(G) Debts for manual labor performed for the deceased within twelve months preceding decedent's death, not exceeding three hundred dollars to any one person;

"(H) Other debts as to which claims have been presented within three months after the appointment of the executor or administrator;

"(I) All other debts for which claims have been presented after three months from the appointment of the executor or administrator."

The lower court, also, erred in failing to follow R.C. 2117.25. By incorrectly recognizing plaintiff's certificate of judgment, the lower court changed plaintiff's status as a general creditor to a secured priority creditor. This gave plaintiff's debt priority or preference over secured creditors and other general creditors. Plaintiff's creditor status was determined and fixed at the death of Joan Meyer. At Joan Meyer's death, plaintiff had an unsecured claim, and thus, was a general creditor. This status could not be changed. The order of payment for unpreferred debts, under R.C. 2117.25, of general creditors is after secured preferred creditors. The lower court placed plaintiff's claim first, contrary to R.C. 2117.25.

These assignments of errror are well-taken.

### Assignment of Error IV

"The court of common pleas erred in failing to sustain defendant-appellant Norman J. Meyer, executor of the estate of Joan R. Meyer, deceased's [*sic*] motion for summary judgment, and erred in sustaining plaintiff Ohio Citizens Bank's motion for summary judgment on the issue of priority.

Civ. R. 56(A) provides:

"A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of the time permitted under these rules for a responsive motion or pleading by the adverse party, or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof. If the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court."

"The appositeness of rendering a summary judgment hinges upon the tripartite demonstration: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66 [8 O.O.3d 73].

The issue presented in this case is the priority of claims against the Estate of Joan Meyer. To determine this, the court need only have the date of Joan Meyer's death, the date plaintiff filed its certificate of judgment and the dates that the other creditors-defendants' liens were filed. There was no dispute as to the dates. Joan Meyer died on September 22, *1981*. Plaintiff filed its certificate of judgment on September 29, *1982*. The Home Savings and Loan mortgages were filed on March 23, 1973 and October 31, 1975.

The priorities of claims of persons are determined as of the date of Joan Meyer's death. The priority of claims of foreign judgment creditors is determined from the date that the creditors file certificates of their liens with the Clerk of Courts. Since the dates are not in dispute, the priority of claims can not be in dispute.

Further, as a matter of law, the claims on a decedent's estate attach and are fixed as of the date of death as set forth above. Thus, as a matter of law, plaintiff could not secure a lien against decedent's property after her death by filing a certificate of judgment which was rendered after decedent's death. Since the certificate of judgment could not have been properly recognized, plaintiff could not have priority over other general creditors. Thus, under R.C. 2117.25, defendant-executor did not have to pay plaintiff before all secured or preferred creditors were paid.

We have determined that since the dates are not in dispute, there is no genuine issue of material fact. Further, defendant-executor was entitled to a judgment as a matter of law because clearly the lien of the certificate of judgment could not properly be recognized. Therefore, the priority of plaintiff's claim was determined by R.C. 2117.25 as a general creditor. The first and second requirements for granting a summary judgment to defendant-executor were met. Finally, the third requirement of the tripartite test was also met. Since the dates are not in dispute, as a matter of law, the certificate of judgment should not be recognized as placing a lien on the estate; therefore, reasonable minds could come to but one conclusion, that being adverse to plaintiff. Plaintiff's motion for summary judgment should have been denied. Furthermore, the elements essential to the appellant's motion for summary judgment were established.

It is therefore ordered that the judgment of the trial court be reversed and that this cause be remanded with instructions to the trial court to deny Ohio Citizens' motion for summary judgment and to grant appellant's motion for summary judgment as prayed for and for such further proceedings as may be required to dispose of and conclude the proceeding.

This assignment of error is well-taken.

*Judgment reversed*
*and cause remanded.*

MILLER, P.J., and GUERNSEY, J., concur.