WOMEN'S FEDERAL SAVINGS BANK, APPELLEE, *v.* AKRAM ET AL., APPELLANTS.

(No. 49442—Decided July 21, 1986.)

Larry R. Rothenberg, for appellee.
Mesch & Epstein Co., L.P.A., and Blaine S. Schwartz, for appellants.

DAHLING, J. On August 16, 1978, an Ohio corporation entitled "America Zooms, Inc." executed a promissory note and mortgage deed to Women's Federal Savings and Loan Association of Cleveland, n.k.a. Women's Federal Savings Bank ("appellee"). The amount of the note was $135,000. As part of the agreement to loan this sum of money to America Zooms, Inc., the appellee required an additional written guaranty of the $135,000 loan. Accordingly, on August 16, 1978, eleven individuals, including Ahmad, Janice, Rasool and Doris Akram ("appellants"), executed an "Unconditional Guaranty" in which the appellants and others agreed to be jointly and severally liable for the due performance and prompt payment of the principal and interest "which in no event will exceed $135,000."

America Zooms, Inc. defaulted upon the conditions of the note and mortgage whereupon appellee in-

itiated proceedings in foreclosure on March 3, 1981. The trial court rendered judgment in favor of appellee and ordered the property securing the debt to be sold by the Cuyahoga County Sheriff pursuant to R.C. 2329.20 *et seq.* On the date of the sale appellee was entitled to the sum of $158,388.99 plus interest at the rate of twelve and one-half percent per annum from January 4, 1982. America Zooms, Inc. was liable for this deficiency judgment.

Appellee attempted to collect the deficiency from the guarantors. To this end, two married couples who were guarantors signed promissory notes to appellee promising to pay $10,000 each. Both couples have defaulted on these notes.

On September 19, 1983, appellee filed a complaint against four more of the guarantors, *viz.,* appellants, seeking $61,000 plus interest since June 1, 1980. On October 31, 1984, after initially granting and subsequently vacating summary judgment in favor of appellee, the trial court ruled in favor of appellee in the sum of $64,253.62 plus interest at the rate of twelve and one-half percent per annum from January 4, 1982 and costs. Appellants pursued a timely appeal.

Appellants assign three errors. The third assignment raises preliminary issues concerning the foreclosure action and will be treated first. The third assignment of error states as follows:

"III. The trial court erred by holding the appellant[s]-co-guarantors liable for a delinquency created in a foreclosure sale where the appellants were not named as parties in the foreclosure action, where the mortgagee purchased the property at sheriff's sale and where the mortgagee subsequently sold it at a profit."

This assignment of error is rejected.

Appellants claim three irregularities in the original foreclosure action: (1) the guarantors were not named as defendants in the action, (2) the appellee should not have been allowed to purchase the property at the sheriff's sale, and (3) the appellee did not account to appellants for the monies received by appellee when it resold the property.

There is no prohibition against an original mortgagee repurchasing the mortgaged property at a sheriff's sale after foreclosure. As long as the statutory scheme regulating the sale is followed, the purchase by the mortgagee is proper. In the case *sub judice,* there is no indication of any irregularity in the sheriff's sale. Thus, the purchase by appellee was proper.

With respect to the accountability for any subsequent profit after resale by appellee, "[t]he cases are agreed that where no fraud or other irregularity is shown in connection with the foreclosure * * * sale, a mortgagor has no right to compel a mortgagee to account for any profit made by him upon a resale of the premises after purchasing the same at a sale under the foreclosure of his mortgage." Annotation (1938), 117 A.L.R. 863, 863-864, and the cases cited therein. Therefore, absent any allegation of fraud or irregularity, appellee need not account for any profit received in the resale of the property.

Finally, appellants claim appellee was required to name them as defendants in the original foreclosure action. However, in a foreclosure action the mortgaged property is the subject matter of the action. The appellants had no interest in said subject matter; they were liable and had guaranteed payment of the debt secured by the property. Thus, appellee was required to first obtain a money judgment before pursuing the guarantors. Accordingly, appellee first attempted to seek payment of its loan by foreclosing on the

security, *viz.*, the property. When this attempt resulted in a deficiency, the appellee properly sought payment of the deficiency judgment from the individual guarantors. See *Walton* v. *Washington Cty. Hosp. Assn.* (1940), 178 Md. 446, 13 A. 2d 627; Annotation (1940), 128 A.L.R. 975.

Thus, appellants, as individual guarantors, are liable to appellee as a result of the fact that the sale of the mortgaged property at sheriff's sale did not yield the total amount of the debt to appellee. Appellants' remaining two assignments of error dispute the amount of this liability. The assignments state as follows:

"I. The trial court erred by not limiting the amount of a deficiency judgment resulting from a sheriff's sale of real property to the amount stated in the terms of a personal guarantee.

"II. The trial court erred by not giving the appellant[s]-co-guarantors a $20,000.00 setoff for the amount of two notes accepted by the appellee from other co-guarantors extinguishing their liability."

These assignments lack merit.

After the property was sold at sheriff's sale there remained a deficiency of $64,253.62 plus interest. This sum was the sum awarded appellee by the trial court in the separate action constituting the case before this court. Since a guarantor is liable for the amount of the deficiency, *supra*, appellants are liable to appellee in this amount. The guaranty signed by appellants states they "absolutely guarantee * * * an amount, which in no event will exceed One Hundred Thirty-Five Thousand and no/100." Thus, the amount owed by the guarantors, *viz.*, $64,253.62 plus interest, is properly owed to appellee since it falls within the limit of liability set forth in the unconditional guarantee.

Two married couples, who were guarantors, each promised to pay $10,000 to appellee as part of a settlement of the deficiency judgment. Even though each couple defaulted, appellants claim any amount they owe appellee should be reduced by the $20,000 promised but not honored by the guarantors. Appellants claim the notes subsequently signed by the co-guarantors released appellants from any liability to appellee because appellee failed to include a reservation of rights in the new notes. In support appellants rely upon *Provident Bank* v. *Gast* (1979), 57 Ohio St. 2d 102, 11 O.O. 3d 284, 386 N.E. 2d 1357, wherein the court held as follows:

"Where one of several co-guarantors on a note is *completely released from his obligation by the holder,* without an express reservation of rights, the release operates to discharge the remaining co-guarantors, pursuant to R.C. 1303.72(A)(1), *to the extent of their right to contribution from the co-guarantor so released.*" (Emphasis added.) *Id.*

*Provident Bank* v. *Gast* is distinguishable from the case *sub judice* in three important respects, to wit:

(1) The promissory notes made by the co-guarantors herein are not equivalent to a complete release of the co-guarantors;

(2) The appellants may still seek contribution from the defaulting co-guarantors;

(3) The unconditional guarantee signed by appellants states as follows:

"Guarantor hereby agrees that until all of the terms, covenants and conditions of this Guaranty are *fully performed,* the Guarantor's obligations hereunder shall not be released, in whole or in part, by any act or thing which might, *but for this provision,* be deemed *a legal or equitable discharge* of a surety or Guarantor, or by reasons of any waiver, extension, modification, forbearance or delay or other act or

omission of Lender or its failure to proceed promptly or otherwise * * * ."

Thus, appellants are not entitled to a setoff of $20,000 from the amount ordered by the trial court. Instead, the amount actually paid by the co-guarantors is the proper amount deductible.

*Judgment affirmed.*

STILLMAN, J., concurs.

WILLIAM B. BROWN, J., not participating.

DAHLING, J., of the Eleventh Appellate District, and STILLMAN, J., retired, of the Eighth Appellate District, sitting by assignment in the Eighth Appellate District.

WILLIAM B. BROWN, J., retired, of the Supreme Court of Ohio, passed away prior to the release of this opinion.