This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Grace Malz appeals a decision of the Medina Court of Common Pleas overruling Malz's objections to the Magistrate's Report and Recommendation dated May 18, 1999. This Court affirms.
On August 19, 1996, Appellee Bank One, Akron, N.A., nka Bank One, N.S. ("Bank One"), filed a three-claim complaint. The complaint was filed as a result of the default of an open-end mortgage which secured a line of credit for the late Sam D. Malz and Grace C. Malz. In the second cause of action, Bank One sought foreclosure of the property located at 109 Pleasant View Drive, Seville, Ohio ("Seville Property"), which the above-mentioned mortgage secured. Bank One also sought foreclosure on a judgment lien obtained in the Common Pleas Court of Medina County, Ohio, in Case No. 91-CIV-0577.
Charter One Bank ("Charter One") and Michael and Tawnya Smith also claimed an interest in the Seville Property. On January 27, 1998, all parties involved reached a settlement on the record. The agreement ordered a sheriff's sale of the Seville Property and set out the interest of each party. The agreement was journalized in a judgment entry and decree of foreclosure filed on April 8, 1998. The Seville Property was sold on June 19, 1998, and Charter One, the Smiths, and Bank One received distributions that satisfied their claims against the Seville Property. The remaining funds were ordered held pending further order of the court.
Numerous other foreclosures ensued in multiple counties after Bank One was granted judgment in the 1991 case. Malz questioned whether those other cases satisfied the 1991 judgment and the 1993 judgment lien.
On May 18, 1999, Magistrate Carson issued his Report and Recommendation. Magistrate Carson recommended the release of the remaining proceeds from the sale of the Seville Property to Bank One to go towards satisfying its 1993 judgment lien. Malz objected to the findings in Magistrate Carson's report. On April 17, 2000, Judge Collier issued his Findings and Order Amending the Magistrate's Report. The only change Judge Collier made in the Magistrate's Report involved a mathematical error.
Malz timely appealed, and asserts three assignments of error.
 ASSIGNMENT OF ERROR NO. 1 [THE] COURT ERRED IN NOT VOIDING OR AMENDING JUDGMENT LIEN OF 2/13/93 AND THE JUDGMENT OF 11/16/92 SINCE THE JUDGMENT CONSTRUCTION IS IMPERFECT, FLAWED, NOT VALID AND VOID[,] AS IS THE LIEN.
 IN FACT, THE ENTIRE DOCKET ENTRY #95 IS IN ERROR. FURTHER, IT APPEARS [THAT] THE LOWER COURT DID NOT READ DEFENDANT'S BRIEFS OR MOTIONS IN DOCKET #71, 81, 88, 93 AND 96 AS WELL AS OTHER DATA SINCE ALMOST ALL THE CORRECTING DATA IS IN THESE AND RELATED FILES.
In her first assignment of error, Malz argues that the judgment lien against Sam D. Malz filed on February 12, 1993, is not valid. She argues that the lien is invalid because: (1) the judgment lien fails to state a rate of interest per annum, (2) the judgment entry giving rise to the judgment lien was not a final appealable order, (3) the judgment lien contains an incorrect date from which interest should accrue, and (4) the amount of the judgment is incorrect. This Court finds that this argument is untimely.
Although Malz did not specifically file a motion under Civ.R. 60(B), this Court interprets her arguments in the trial court as such, since Malz's clear goal was to have the trial court set aside or vacate the 1992 judgment entry.
Civ.R. 60(B) provides, in relevant part:
 On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.
(Emphasis added.) Any effort by Malz to set aside the judgment entry dated November 16, 1992, should have been commenced within a reasonable time after the November 16, 1992 judgment entry was filed.[1] Six years is not a reasonable amount of time. See Deberte v. Deberte (Apr. 19, 2000), Summit App. No. 19461, unreported. Furthermore, Malz did not appeal the 1992 entry. A Civ.R. 60(B) motion cannot be used as a mere substitute for an appeal. Thomas v. Fick (June 7, 2000), Summit App. No. 19595, unreported.
Malz argues that the 1992 entry was not a final appealable order. However, this Court disagrees. The Supreme Court of Ohio addressed the issue of what constitutes a final appealable order in Denham v. NewCarlisle (1999), 86 Ohio St.3d 594. An order is final and appealable if it meets the requirements of both R.C. 2505.02 and Civ.R. 54(B). Id. at 596. Thus, a two-step analysis is employed to determine whether a judgment is final. First, this Court must determine if the order is final within the requirements of R.C. 2505.02. Specifically, R.C. 2505.02(B)(1) defines a final appealable order as one that "affects a substantial right in an action that in effect determines the action * * *." If the order meets the R.C. 2505.02 standard, the Court must then determine whether Civ.R. 54(B) language is required. Chef Italiano Corp. v. Kent StateUniv. (1989), 44 Ohio St.3d 86, 88. Civ.R. 54(B) provides:
 When more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order * * * which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order * * * is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
The November 13, 1992 judgment entry clearly affected a substantial right of the Malzes and, in effect, determined the action and prevented judgment in favor of the Malzes. Civ.R. 54(B) language was also included by the trial court. Consequently, as this was a final, appealable order, Malz should have acted before now.
Malz's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 2 [THE] COURT ERRED IN INCORRECTLY INTERPRETING A JUDGMENT LIEN SALE TO BE A MORTGAGE FORECLOSURE SALE AND ERRONOUSLY DISALLOWED [A] CREDIT OF $430,000 TOWARD THE PRINCIPAL OF THE JUDGMENT LIEN — AND [THE] COURT ALSO ERRED IN PRESUMING SECURED JUDGMENT CREDITOR COULD SELL PART OF HIS SECURED LIEN TO [A] NONCREDITOR AFTER DEBTOR'S DEATH, AND [THAT] SAID PURCHASER COULD RECOVER PRIORITY FUNDS OF CREDITOR WHOSE POSITION WAS FIXED AT DEATH[.]
In her second assignment of error, Malz appears to argue the following: (1) Bank One was a judgment creditor rather than a mortgagee when it purchased the Sturbridge property, (2) Malz is entitled to an accounting from Bank One for the profit it realized from the resale of the Sturbridge Property, and (3) Bank One could not convey its interest in the Clyde Court Properties to Bruce Hunsicker. This Court will address these issues together.
Malz argues that Bank One was a judgment creditor, not a mortgagee. However, a review of the record shows that Bank One was indeed a mortgagee and not a judgment creditor. Bank One had a mortgage on the Sturbridge Property, which secured a promissory note. Therefore, Bank One was a mortgagee.
Nothing in the statutes prohibits an original mortgagee from repurchasing the mortgaged property at a sheriff's sale after foreclosure. Women's Federal Savings Bank v. Akram (1986),33 Ohio App.3d 255, 256. As long as the statutory scheme regulating the sale is followed, the purchase by the mortgagee is proper. Id. In the case sub judice, there is no indication of any irregularity in the sheriff's sale. Thus, Bank One's purchase of the Sturbridge Property was proper.
With respect to Bank One's accountability to Malz for any subsequent profit after its resale of the Sturbridge Property, absent any allegation of fraud or irregularity, a mortgagor may not compel a mortgagee to account for any profit realized by it upon a resale of the premises after purchasing the same at a sale under the foreclosure of his mortgage.Akram, 33 Ohio App.3d at 256. There is no evidence in the record to suggest any fraud, collusion, or other impropriety in Bank One's purchase and resale of the Sturbridge property. Bank One, therefore, need not account to Malz for any profit received in the resale of the Sturbridge Property.
The third issue that Malz raises under this assignment of error involves Bank One's partial assignment of its interest in the Clyde Court Properties to Bruce Hunsicker. Malz has argued that Bank One could not assign its interest to Hunsicker after her husband's death. Malz relies on Ohio Citizens Bank v. Meyer (1985), 23 Ohio App.3d 74 to support her argument. However, this case can be distinguished from Meyer. In Meyer, the court was dealing with a judgment that had been obtained after the individual's death. Bank One obtained its judgment lien against Mr. Malz on February 12, 1993. Mr. Malz did not die until 1994. By assigning part of its interest to Hunsicker, Bank One did not change the order of payment or distribution as Malz has argued. Hunsicker simply stood in Bank One's place. Neither Grace Malz individually nor the estate of Sam Malz were affected by the assignment.
For the reasons stated above, Malz's second assignment is overruled.
 ASSIGNMENT OF ERROR NO. 3 [THE] COURT ERRED IN NOT PROCEEDING WITH [A] JURY TRIAL AS SCHEDULED[,] AND NEW JUDGES BATCHELDER AND COLLIER FAILED TO RE-SCHEDULE SAME — AND [THE] COURT ERRED IN NOT LETTING LEASE/PURCHASER OF PLEASANT VIEW DRIVE PURCHASE HIS HOME AFTER HE SECURED [THE] MORTGAGE AND BEFORE FORECLOSURE SINCE HIS POSITION ON PROPERTY WAS A PRIORITY — NOW[,] WE HAVE A WRONGFUL EXECUTION WHICH MUST BE CORRECTED BY BANK ONE[.]
In her third assignment of error, Malz has argued that: (1) the court erred in not granting her a jury trial and (2) the court erred in not permitting Michael Smith to purchase his home before foreclosure.
 Jury trial.
Malz has argued that the trial court improperly denied her a jury trial. Civ.R. 38 states, in relevant part:
 (B) Demand. Any party may demand a trial by jury on any issue triable of right by a jury by serving upon the other parties a demand therefor at any time after the commencement of the action and not later than fourteen days after the service of the last pleading directed to such issue. Such demand shall be in writing[.]
* * *
 (D) Waiver. The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(D) constitutes a waiver by him of trial by jury.
No jury demand appears in the record. This Court finds that Malz waived her right to a jury trial.
 Michael Smith.
"A party lacks standing to invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action." State ex rel. Dallman v. Court ofCommon Pleas (1973), 35 Ohio St.2d 176, syllabus. Michael Smith, not Malz, would have a real interest in litigation regarding his purchase of the Seville Property. Malz is not a party with standing to invoke the jurisdiction of the court.
Malz's third assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
SLABY, P.J., WHITMORE, J. CONCUR.
[1] There is no evidence in the record that Malz objected to the journal entry dated November 16, 1992, prior to August 25, 1998, when she filed a motion in opposition to Bank One's judgment entry confirming sale and ordering distribution. Malz's June 21, 1999 objection to the Magistrate's Report and Recommendation of May 18, 1999, also contained a brief reference to Civ.R. 60(B)(5).