THE AKRON COMMERCIAL SECURITIES CO., APPELLEE, *v.* RITZMAN, ADMX., ET AL., APPELLEES; LEVIN, APPELLANT.

(No. 3706—Decided June 25, 1945.)

*Messrs. Foust & Holden,* for appellees Dale B. Ritzman and Jean L. Ritzman.
*Messrs. Levin & Levin,* for appellant.

STEVENS, J. This is an appeal on questions of law and fact.

The facts, as disclosed by the evidence, are as follows:

Jennie Bolender died testate on June 5, 1934. At the time of her death she was seized of a homestead property in Manchester village, and a 129-acre farm located about one mile northeast of Manchester village in Summit county.

By the terms of her will, Jennie Bolender devised all of her property to The Commercial Savings & Trust Company, of Akron, as trustee for the benefit of her two grandchildren, Dale B. and Jean Lucille Ritzman, with the provision that, as they respectively reached the age of majority, the trustee should transfer one-half of the trust fund to each.

The Commercial Savings & Trust Company became defunct, was taken over for liquidation by the Superintendent of Banks of the state of Ohio, and never qualified as trustee under the terms of said will by procuring an appointment from the Probate Court.

On July 25, 1934, Hazel R. Ritzman was appointed by the Probate Court of Summit county as administratrix w. w. a. of the estate of her mother.

On June 13, 1935, the Superintendent of Banks of the state of Ohio, in charge of the liquidation of The Commercial Savings & Trust Company, filed a suit in case No. 111806 in the Court of Common Pleas of Summit county, seeking a judgment for $4,200 and interest against the administratrix w. w. a., upon a note signed by decedent, and a foreclosure of the mortgage on the homestead property of decedent, which mortgage was given to secure said note.

The petition filed in said action contained no allegation that the claim of the bank had ever been presented to and rejected by the administratrix.

Summons was served upon the administratrix, but no answer was filed by her.

On February 27, 1937, a default decree of foreclosure was entered in the case, which contained a purported judgment against the administratrix for $5,264.32 and interest. This decree contained no mention of presentation of plaintiff's claim to the administratrix w. w. a., or of rejection thereof by her.

Thereafter the property which was the subject of the foreclosure was sold for $2,125; and on June 30, 1937, that sale was confirmed by the court. After application of the proceeds of said sale, there remained on the purported judgment a balance due to plaintiff of $3,322.75.

On January 31, 1939, a certificate of judgment for the balance claimed due upon such judgment was filed in the clerk's office of Summit county, and a levy was also made on the 129-acre farm.

On July 8, 1937, The Akron Commercial Securities Company, holder of a mortgage on the 129-acre farm,

filed the petition herein, asking foreclosure of its mortgage on the 129-acre farm. The Superintendent of Banks was therein named a party defendant.

To plaintiff's petition the Superintendent of Banks filed an answer setting up a deficiency judgment for $3,322.75 and interest, and claiming a lien therefor.

On May 3, 1939, Ernest Elmer Ritzman was appointed trustee under the will of Jennie Bolender, deceased, and on October 17, 1941, he filed a reply to the answer of the Superintendent of Banks, and a cross-petition seeking to have his title quieted as against the claimed lien of the Superintendent of Banks.

Thereafter, the defendant Jacob Levin purchased the rights of the Superintendent of Banks in said judgment, and was permitted to adopt the answer of the Superintendent of Banks as his own.

In this court it is agreed that Dale B. and Jean Lucille Ritzman are both now of the age of 21 years or more.

The first matter to be considered is the assertion of appellees Dale B. and Jean L. Ritzman, now substituted for appellee Ernest Elmer Ritzman, as trustee, that, because of the failure of the plaintiff in case No. 111806 in the Court of Common Pleas to allege and prove the presentation to the administratrix and rejection by her of the claim upon the note for $4,200, secured by the mortgage on the homestead property, the default judgment rendered against Hazel R. Ritzman, administatrix w. w. a., for the amount of the deficiency remaining after application of the proceeds of the sale of said premises, is void.

The Superintendent of Banks, under Section 10509-138, General Code, had the right to foreclose the mortgage on the homestead property.

Did he, however, have the right in law to a money

judgment against the administratrix w. w. a. for any deficiency remaining after the mortgaged property had been sold and the proceeds applied to the satisfaction of the mortgage indebtedness?

As to said administratrix, the Superintendent of Bank's action was one seeking the recovery of a money judgment. The statutes of Ohio provide as follows:

"All claimants shall present their claims to the executor or administrator in writing, including claims arising out of contract, out of tort, on cognovit notes or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated. All claims shall be presented within four months after the date of the appointment of the executor or administrator. * * *" Section 10509-112, General Code, as amended, effective August 22, 1941.

This section, as effective on January 1, 1932, provided:

"Creditors shall present their claims, whether due or not due, to the executor or administrator within four months after the date of his appointment. * * *"

The latter quoted section was in effect at the time of the occurrences here under consideration.

The amended section is quoted as shedding some light upon the intention of the Legislature when the original section was enacted.

The Supreme Court of Ohio, in the case of *Prudential Ins. Co.* v. *Joyce Building Realty Co.*, 143 Ohio St., 564, 56 N. E. (2d), 168, wherein the earlier enactment was under consideration, stated in paragraph two of the syllabus:

"2. The requirements of Section 10509-112, General Code, that 'creditors shall present their claims, whether due or not due, to the executor or administrator within four months after the date of his appoint-

ment' are mandatory and may not be waived by him.''

This court, in *Breen, Admx.*, v. *Conn et al., Exrxs.*, 64 Ohio App., 325, 28 N. E. (2d), 684, decided that, even as to a suit brought by or for a minor against an administratrix, an allegation of presentment of the claim must be made; otherwise the petition does not state facts sufficient to constitute a cause of action.

Applying these rules to the facts under consideration, it is apparent that the Superintendent of Banks procured what purported to be a default judgment for money only against an administratrix, on a petition which on its face and as a matter of law, did not state a cause of action against the administratrix.

Is a judgment of such character—*viz.*, for the deficiency remaining after sale of the mortgaged premises and application of the proceeds of such sale to the mortgage debt—void or voidable?

Section 10509-112, General Code, as originally enacted, has been construed by the Supreme Court in *Beach, Recr.*, v. *Mizner, Exr.*, 131 Ohio St., 481, 3 N. E. (2d), 417, to be what is known as a nonclaim statute—that is, one which requires an act to be done as a prerequisite to the accrual of a cause of action.

We have here, then, the entry of a purported judgment against an administratrix on a petition which, as to any deficiency, not only failed to state a cause of action, but where, as against said administratrix, no cause of action existed, because of failure to present said claim.

Such purported judgment for the deficiency remaining after sale of the premises foreclosed, and application of the proceeds of sale, is not merely voidable, but is void, because the court had no jurisdiction of the subject matter of the action.

In such a situation, the judgment may be attacked

in this proceeding, and such attack is not collateral in nature; likewise, Section 11603, General Code (the statute of limitations), has no application.

Our conclusion in this respect disposes of appellant's claim of a valid judgment, and of a right to a lien on the premises under foreclosure, because of said purported judgment.

But even if the purported deficiency judgment of Levin against said administratrix were a valid judgment, it does not follow that he would acquire a valid lien on the 129-acre farm by filing a certificate of judgment or by making a paper levy.

Upon the death of the decedent, title to said premises passed to the devisees under her will and not to the administratrix.

The statutes governing judgment liens in Ohio are Sections 11656 and 11656-1, General Code, and they provide for a lien upon "lands and tenements of a judgment debtor."

The judgment debtor, the administratrix, never was the owner of the land under consideration, and hence no lien could attach thereto because of a judgment against her.

There is one other reason why the appellant cannot prevail in this action.

The real property of a decedent is within the exclusive jurisdiction of the Probate Court for administration by that court. While the title to the real property passes to the devisees under the will of the decedent immediately upon the death of the testator, it does so subject to the right of the Probate Court to order its sale for the purpose of paying debts of the decedent. A proceeding such as here attempted, if given the effect claimed, would oust that court of its exclusive jurisdiction to administer estates, contrary

to the provisions of Section 8, Article IV of the Constitution of Ohio.

For the foregoing reasons, a decree may be drawn clearing the title of said 129-acre farm from any judgment lien in favor of defendant Levin, the appellant herein, and quieting the title thereto in the owners thereof as against said lien. Appellant to pay the costs of this appeal.

*Decree accordingly.*

WASHBURN, P. J., and DOYLE, J., concur.