IN RE ESTATE OF DICKMAN: ALLISON ET AL., APPELLANTS, *v.* ALLISON, JR., ET AL., APPELLEES.

(No. 481—Decided December 20, 1946.)

*Mr. B. A. Myers, Mr. O. J. Myers* and *Mr. Robert D. Touvelle,* for appellants.

*Mr. Kerns Wright, Mr. Don Short* and *Mr. Ed. L. Bryson,* for appellees.

MIDDLETON, P. J. This cause comes into this court on appeal on questions of law from a judgment of the Probate Court of Mercer county.

The action was filed to determine heirship in the estate of Rose Dickman.

The petition avers that the defendants, except Edrice Hiatt, are the heirs at law of Rose Dickman, deceased.

The defendant Edrice Hiatt filed answer in which she admits the death of Rose Dickman; that the plaintiffs are the brothers of the deceased; and that the deceased died seized of certain real estate and personal property. She then denies all the other allegations set out in the petition.

By further answer she alleges that on February 3, 1927, by virtue of a decree of the Probate Court of Mercer county she was duly adopted by the decedent, Rose Dickman, and her husband; and that by reason of such adoption she is the sole heir at law of Rose Dickman.

Plaintiffs' reply denies the adoption and the jurisdiction of the Probate Court of Mercer county to enter any decree of adoption of the defendant, as set forth in her answer.

Hearing was had and the court below found on the issues joined in favor of the defendant Edrice Hiatt. From that order the plaintiffs appeal.

In their assignments of error the plaintiffs complain of the following errors:

1. In rejecting evidence offered by the plaintiffs to which the plaintiffs duly excepted.

2. That the decision and judgment of the court is contrary to the evidence and should have been for the plaintiffs.

3. That the decision and judgment of the court is contrary to law and should have been for plaintiffs.

4. Error on the part of the court in overruling plaintiffs' motion for a new trial.

5. That the decision and finding of the court is contrary to both the evidence and the law.

The court will consider the first assignment separately and the last four assignments together.

The sole question at issue in this case is the validity

of the order of adoption made by the Probate Court of Mercer county.

The defendant offered in evidence the order of adoption, dated February 3, 1927, and rested. Plaintiffs then attempted to offer in evidence the following original papers filed in the case: First, the original petition for adoption; second, the order of the court made on the petition; third, the answer of the next friend; and, fourth, the decree of adoption. Those papers were marked plaintiffs' exhibits A, B, C and D, respectively. The court rejected such evidence and refused to admit the exhibits.

It is the rejection of that evidence by the court, which is the plaintiffs' first assignment of error.

An attempt to show that a judgment is void because of lack of jurisdiction of the court which rendered it is a collateral attack upon the judgment, when made in a subsequent action in which the judgment is evidence relative to an issue thereof. 23 Ohio Jurisprudence, 1145, Section 999.

"The record of a judgment of the Court of Common Pleas showed that 'the defendants, by C., their attorney, came into court, and by virtue of his power of attorney, filed in this court, confessed judgment for the defendants for the sum of,' etc. It was sought, in a collateral proceeding, to show that the only power of attorney among the papers in the case, and which was marked with the proper number of the case, did not appear to be signed by some of the defendants, and that such defendants were at the time married women, and thereby to show that the judgment was rendered without jurisdiction and void. Held: That evidence of such facts could not be received to impeach the validity and effect of the judgment." *Callen* v. *Ellison,* 13 Ohio St., 446, 82 Am. Dec., 448.

We think there is no question that plaintiffs' claim,

in this proceeding, that the Probate Court did not have jurisdiction, is a collateral attack.

Plaintiffs offered, and the court admitted in evidence, pages 34 to 37, inclusive, of the adoption record No. 1 of the Probate Court of Mercer county, and pages 144 to 149, inclusive, of civil docket No. 8 of such court, which set forth the complete record of the adoption of the defendant.

The records required to be kept by the Probate Court are set forth in subdivision 4 of Section 10501-15, General Code (former Section 1594, General Code), as follows:

"4. A civil docket, in which shall be noted the names of parties to actions and proceedings, a minute of the time of the commencement of such actions and proceedings, and of the filing of the papers relating thereto, a brief note of the orders made therein, and the time of entering them."

Section 8030, General Code, in effect at the time of the adoption in 1927, provided what records must be made in connection with adoption proceedings, as follows:

"The petition, decree and proceedings shall be recorded in a book kept for that purpose and properly indexed; such book shall become part of the records of the Probate Court and all reports and affidavits shall be properly filed."

The plaintiffs were, therefore, permitted to and did offer in evidence the entire record of the Probate Court in relation to the adoption of Edrice Hiatt.

A record of a judicial proceeding is made for the purpose of preserving the evidence of what was transacted in the proceeding. The record contains and is a history of the case from its beginning to its end.

A complete record having been made by the court, as provided by the Code above set out, the original

papers were not submissible as a part of the record. *Lessee of Morgan* v. *Burnet,* 18 Ohio, 535.

The original papers could not be used to impeach the record and the court properly excluded them, and this court finds the plaintiffs' first assignment of error not well taken. *Callen* v. *Ellison, supra.*

As hereinbefore stated, the court will consider the remaining assignments of error together.

Plaintiffs attack the jurisdiction of the court to decree the adoption of defendant, on two grounds. First, that the court did not comply with the provisions of Section 10512-10, General Code (114 Ohio Laws, 471), formerly Section 8024-1, in that the court did not, upon the filing of the petition, "appoint a day for the hearing of said petition and the examination, under oath, of the parties in interest, not less than ten nor more than thirty days from the filing of the petition."

The record of adoption, as offered by the plaintiffs, does not support such claim.

The civil docket of the court shows the petition was filed on January 20, 1927; that the order for hearing on the petition was filed January 20, 1927; that the decree of adoption was filed February 3, 1927; and that, on February 3, 1927, all the foregoing were recorded in volume 1, at pages 34 to 38.

The adoption record, volume 1, at pages 34 to 38, sets forth the petition dated January 20, 1927, the order for hearing dated January 20, 1927, fixing February 3, 1927, as the day for hearing of the petition, the answer and consent of next friend appointed by the court dated February 3, 1927, and the decree of adoption dated February 3, 1927.

The record, therefore, affirmatively shows on its face that all provisions of Section 10512-10, General Code, *supra,* were complied with by the court.

The plaintiffs further claim that the court did not

have jurisdiction to decree adoption, as the record fails to show on its face that the child sought to be adopted gave her written consent and that such written consent was witnessed and acknowledged.

It will be observed by a reading of Section 8025, General Code (109 Ohio Laws, 178), that there was no requirement that the consent of the minor be filed of record. That section required written consent, but such consent could be offered in evidence at the time of hearing.

Further, Section 8030, General Code (109 Ohio Laws, 179), set out the record to be made by the court on adoption, and it is not required that such consent of the child be recorded.

Paragraphs three and four of the syllabus in the case of *Martin* v. *Fisher*, 25 Ohio App., 372, 158 N. E., 287, read as follows:

"3. A presumption of law arises from a decree of adoption that all the provisions of law relating thereto have been legally complied with.

"4. Said presumption subsists until overcome by proof to the contrary."

At page 375 of the opinion by Judge Justice is found the following statement:

"Said Section 8025 of the General Code, in part, provides:

" 'All such consents to such adoptions shall be acknowledged and witnessed.'

"This section of the General Code is mandatory, and, in order to perfect a legal adoption, it must be strictly followed. But a careful examination of the record fails to reveal that it has not been complied with. It is true that the consent of the mother to the adoption, as shown by the paper writing marked plaintiff's exhibit A, is neither acknowledged nor witnessed. It is also true that the record is silent as to

an approval of the mother's consent to the adoption by the court which granted the divorce decree. *But the record does not show that such consent and approval were not, in fact, otherwise, and in accordance with the statute, given and obtained; and, in the absence of such a showing, it must be presumed that they were."* (Italics ours.) A motion to certify the record was overruled.

"A record of adoption imports absolute verity in a collateral proceeding, and it will be presumed that the provisions of law relating to adoption have been legally complied with." *Lawson* v. *Thomas,* 48 Ohio App., 311, 193 N. E., 655.

"1. Attack on an order of court, entered in a case in which the petition was jurisdictionally sufficient, is in the nature of a collateral attack and is subject to the rules applicable thereto.

"2. Where a petition asked for relief which the court had the power to grant, and a decree was entered in accordance therewith, it will be presumed in subsequent collateral proceedings that all incidental questions were duly considered.

"3. The right to inherit from a foster parent is not defeated by the absence from the proceedings of adoption of assent thereto on the part of both of the natural parents." *Taylor* v. *Bushnell, Exr.,* 29 C. C. (N. S.), 497, 35 C. D., 642.

However, it does appear affirmatively from the record in this case that the written consent of the child was given. The entry of the court dated January 20, 1927, states:

"This day Charles C. Dickman and Rose Dickman, husband and wife, appeared in open court and filed herein their petition for leave to adopt and change the name of Edrice Shroeder, aged 20 years, child of John Shroeder and Christina Shroeder, to the name

of Edrice Dickman with *the answer and consent in writing of Edrice Shroeder.*" This appears on the adoption record at page 34.

Holding the view that we do that all the requirements of the Code were complied with, that the judgment of the court below was not contrary to the evidence nor contrary to the law, and that the court properly overruled plaintiffs' motion for a new trial, the judgment of the court is affirmed.

*Judgment affirmed.*

JACKSON and GUERNSEY, JJ., concur.