**DOLLAR BANK, Appellee,**

v.

**THE BERNSTEIN GROUP, INC. et al., Appellants.**

[Cite as *Dollar Bank v. The Bernstein Group, Inc.* (1991), 71 Ohio App.3d 530.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–1418.

Decided March 26, 1991.

*Hilliard & Drexel, Ray Drexel* and *Charles H. Lease,* for appellee.

*Bricker & Eckler, Percy Squire* and *Darlene Chavers,* for appellants.

---

WHITESIDE, Judge.

Defendants, The Bernstein Group, Inc., Richard K. Bernstein, and William A. Fullerton, appeal from a judgment of the Franklin County Common Pleas Court denying their motion for relief from judgment filed pursuant to Civ.R. 60(B). The following single assignment of error is raised:

"The trial court erred when it failed to conduct an independent inquiry concerning whether the Pennsylvania court had jurisdiction over the subject matter of this dispute."

This case arises out of a suit filed by plaintiff, Dollar Bank, Federal Savings Bank, by which plaintiff sought to enforce in Ohio a judgment rendered in favor of plaintiff and against defendants in the United States District Court

for the Western District of Pennsylvania. Plaintiff's suit was brought pursuant to R.C. 2329.021 *et seq.* Defendants responded by moving the Ohio trial court to vacate the Pennsylvania judgment under Civ.R. 60(B)[1] on the ground that the Pennsylvania court that granted the judgment lacked subject matter jurisdiction. Specifically, defendants contended that, contrary to the reasons advanced by plaintiff as a means of invoking federal jurisdiction, no diversity exists between the parties.

The trial court denied defendants' motion for relief from enforcement of the foreign judgment, holding that the judgment of the Pennsylvania court was not open to collateral attack. From that decision, defendants filed the instant timely appeal.

■ By their sole assignment of error, defendants contend that the trial court erred in denying their motion to vacate the judgment, and thus giving plaintiff the right to enforce the judgment decreed in Pennsylvania. Defendants argue that the trial court had the duty to conduct an inquiry regarding the issue of whether the district court in Pennsylvania had jurisdiction over the subject matter in this dispute. Plaintiff, on the other hand, contends, *inter alia,* that, the Pennsylvania district court having affirmatively found diversity jurisdiction to exist, the trial court was correct in not permitting defendants to collaterally challenge that ruling.

As a preliminary matter, we note that defendants' position is grounded in part on the argument that their challenge to the judgment, being based upon jurisdictional grounds, is not a collateral attack but is a direct attack upon that judgment. Defendants cite as authority for that proposition *Security Ins. Co. v. Reg. Transit Auth.* (1982), 4 Ohio App.3d 24, 4 OBR 45, 446 N.E.2d 220, which holds in paragraph one of the syllabus that, "[a] motion to vacate judgment on jurisdictional grounds is a direct attack upon a judgment authorized by the common law, and constitutes an allegation that the judgment is void." See, also, *Lincoln Tavern v. Snader* (1956), 165 Ohio St. 61, 59 O.O. 74, 133 N.E.2d 606; *Kingsborough v. Tousley* (1897), 56 Ohio St. 450, 47 N.E. 541; and *Akron Commercial Securities Co. v. Ritzman* (1945), 79 Ohio App. 80, 34 O.O. 460, 72 N.E.2d 489.

Each of the above-cited cases is factually distinguishable from the instant case. Moreover, there is authority to the contrary, to wit: that a challenge to the court's assumption of jurisdiction constitutes a collateral attack upon that

---

**1.** Although Civ.R. 60(B) cannot be utilized in an Ohio court to vacate a Pennsylvania judgment, the motion raises the issue of whether the Ohio court should refuse to enforce such judgment because of lack of jurisdiction. Cf. *Matson v. Marks* (1972), 32 Ohio App.2d 319, 61 O.O.2d 476, 291 N.E.2d 491.

judgment. *In re Estate of Dickman* (1946), 81 Ohio App. 281, 37 O.O. 125, 79 N.E.2d 172, paragraph one of the syllabus; *Durfee v. Duke* (1963), 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186. The trial court in the case *sub judice* simply treated defendants' motion to vacate as a collateral attack and then determined that such collateral attack was not permissible.

█ If defendants' motion constituted a direct attack on the judgment, then the trial court would have erred in denying the motion as an impermissible collateral attack. Even if this action be held to be a collateral attack on the judgment, the trial court erred in denying defendants' motion for relief from enforcement of the foreign judgment. Generally, collateral attacks are allowed when a court has erred in assuming jurisdiction. *Thiessen v. Moore* (1922), 105 Ohio St. 401, 422, 137 N.E. 906, 911; and *Durfee, supra*. If the issue of jurisdiction has been fully and fairly litigated in the court which rendered the original judgment, then that judgment is generally entitled to full faith and credit by other courts. However, if the question of jurisdiction was not raised or finally decided in the rendering court, then collateral attack is permissible, based upon a lack of subject matter jurisdiction, when a party seeks enforcement of that judgment in another court. *Id.*, 375 U.S. at 111, 84 S.Ct. at 245, 11 L.Ed.2d at 191.

In the case at bar, judgment was rendered by the Pennsylvania district court in favor of plaintiff on a cognovit note. By its very terms, a cognovit note allows for judgment to be taken against the debtor-party without notice or hearing. Consequently, it appears from the record that the issue of the district court's subject matter jurisdiction, as well as any other defense available to defendants, could not have been fully and fairly litigated and finally decided by the district court prior to its rendering judgment in favor of plaintiff. Therefore, defendants were entitled to raise the question of subject matter jurisdiction when plaintiff sought to have the foreign judgment enforced in Ohio.

The trial court relied primarily upon *Chicot Cty. Drainage Dist. v. Baxter State Bank* (1940), 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329, to support its holding that defendants could not permissibly collaterally attack the judgment rendered by the Pennsylvania district court. However, *Chicot Cty.* was decided some twenty years before the case of *Durfee, supra*. Moreover, *Chicot Cty.* is not inconsistent with *Durfee*. In *Chicot Cty.*, the court was asked to determine whether the judgment of a federal district court sitting as a bankruptcy court was open to collateral attack when the statute under which the judgment was rendered was later declared invalid. The court held in *Chicot Cty.*, 308 U.S. at 376, 60 S.Ct. at 319, 84 L.Ed. at 333, that courts have the authority "to determine whether or not they have jurisdiction to

entertain the cause and for this purpose to construe and apply the statute under which they are asked to act." The court held further, at 377, 60 S.Ct. at 320, 84 L.Ed. at 334, that "[a] court has the authority to *pass upon its own jurisdiction* and its decree sustaining jurisdiction against attack, while open to direct review, is *res judicata* in a collateral action." (Emphasis added.) *Chicot Cty.*, then, does not stand for the broad proposition that the mere exercise by a United States district court of subject matter jurisdiction precludes challenge by way of collateral attack, but, rather, it is consistent with *Durfee* by its focus on whether the rendering court has actually determined the question of its own jurisdiction to act.

▮ Plaintiff also asserts that the judgment of the trial court should be affirmed because defendants waived their right to appeal the judgment of the Pennsylvania district court. This argument by plaintiff, which is in the nature of a breach of contract claim, refers to a "stipulation as to confessed judgments" from the Pennsylvania district court, which was apparently entered into by all parties and which contains therein language reducing the amount of the confessed judgment by approximately $4 million and prohibiting the parties from appealing the original judgment. Plaintiff contends that defendants breached a contract by filing the motion for relief from judgment in the trial court. However, the trial court did not render a judgment based upon a breach of contract, and, thus, we need not address that issue. To the extent that plaintiff argues that defendants have waived their right to assert lack of subject matter jurisdiction, the argument is untenable. In contrast to the issue of personal jurisdiction, the issue of whether a court can assert subject matter jurisdiction is an issue which may not be waived by either party. *Securities & Exchange Comm. v. United Financial Group, Inc.* (C.A.9, 1978), 576 F.2d 217, 221.

Plaintiff asserts several more reasons as to why the trial court should be affirmed: First, that language in an order issued by an Ohio federal district court in an ancillary case, which stated that the judgment of the Pennsylvania district court is valid pending resolution of a Civ.R. 60(B) motion filed by defendants in that court, is *res judicata* upon defendants in this action; second, that since the trial court held a hearing on defendants' motion to vacate, a presumption arose that the trial court did consider the issue of Pennsylvania's jurisdiction; and third, that defendants demonstrated no meritorious defense in support of their Civ.R. 60(B) motion. Inasmuch as none of these issues is before us, not having been determined by the trial court, we decline to address them for the first time on appeal.

Accordingly, for the foregoing reasons, defendants' sole assignment of error is sustained, the judgment of the Franklin County Court of Common

Pleas is reversed, and this cause is remanded to that court for a determination of whether the Ohio court should decline to enforce the judgment of the Pennsylvania district court because of lack of subject matter jurisdiction, and such further proceedings as may be in accordance with law consistent with this opinion.

*Judgment reversed.*

BOWMAN, P.J., and PEGGY BRYANT, J., concur.