[Cite as *Digitalbiz Corp. v. Friedman-Swift Assocs., Inc.*, 2013-Ohio-666.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| DIGITALBIZ CORPORATION, | : | APPEAL NO. C-120422 |
| | | TRIAL NOS. EX110383 |
| Plaintiff-Appellant, | : | EX110384 |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| FRIEDMAN-SWIFT ASSOCIATES, INC., | : | |
| | | |
| | : | |
| Defendant-Appellee. | | |
| | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: February 27, 2013

*A. Brian McIntosh*, for Plaintiff-Appellant,

*Statman, Harris & Eyrich, LLC*, and *William B. Fecher*, for Defendant-Appellee.

Please note: this case has been removed from the accelerated calendar.

SYLVIA S. HENDON, **Presiding Judge.**

{¶1}     This case concerns the domestication of two foreign judgments in the Hamilton County Court of Common Pleas.  Plaintiff-appellant Digitalbiz Corporation ("Digitalbiz"), has appealed from the trial court's entry denying its request to domesticate two foreign judgments against defendant-appellee Friedman-Swift Associates, Inc. ("Friedman-Swift").

{¶2}     Digitalbiz contends that the trial court erred in allowing Friedman-Swift to raise the defense of lack of personal jurisdiction as a challenge to the domestication of the foreign judgments.  We hold that a foreign judgment may be collaterally attacked in Ohio on the ground that the foreign court lacked personal jurisdiction, and we affirm the judgment of the trial court.

*A Foreign Judgment is Obtained*

{¶3}     Digitalbiz, a corporation located in the District of Columbia, filed suit against Friedman-Swift, an Ohio company, in the Superior Court of the District of Columbia, Civil Division, Small Claims and Conciliation Branch ("the foreign court"). The suit concerned Friedman-Swift's alleged failure to pay two bills that had been submitted by Digitalbiz.  After Friedman-Swift failed to respond or to otherwise appear in the foreign court, Digitalbiz obtained two default judgments against Friedman-Swift in the amounts of $4,596 and $4,695, plus costs and interest.

{¶4}     In March of 2011, Digitalbiz filed the foreign judgments in the trial court pursuant to R.C. 2329.022.  Friedman-Swift then made its first appearance in the case, filing an objection to the domestication of the foreign judgments. Friedman-Swift argued that the judgments could not be domesticated because the

2

foreign court had never acquired personal jurisdiction over Friedman-Swift. In response, Digitalbiz argued that Friedman-Swift could not raise a personal-jurisdiction argument at that stage of the proceedings. Digitalbiz contended that Friedman-Swift had waived the defense of lack of personal jurisdiction by failing to object in the foreign court.

{¶5}   A magistrate in the court of common pleas overruled Friedman-Swift's objection to domestication. The magistrate specifically stated that "Friedman Swift has failed to identify any proper mechanism by which a party may challenge the domestication of a foreign judgment after the domestication has taken place." Friedman-Swift filed objections to the magistrate's decision, again arguing that the foreign court had lacked the personal jurisdiction necessary to enter judgment. The trial court found Friedman-Swift's arguments to be well-taken. It held that the foreign court had never acquired personal jurisdiction over Friedman-Swift, and it denied Digitalbiz's request to domesticate the foreign judgments.

{¶6}   Digitalbiz now appeals from the trial court's entry, arguing in its sole assignment of error that the trial court erred by allowing Friedman-Swift to raise the defense of lack of personal jurisdiction.

### R.C. 2329.022 and Personal Jurisdiction

{¶7}   R.C. 2329.021 et. seq. codify Ohio's law with respect to the enforcement of foreign judgments. A foreign judgment may be authenticated, or domesticated, in Ohio by filing it in the court of common pleas. R.C. 2329.022 provides that

A copy of any foreign judgment authenticated in accordance with

section 1738 of Title 28 of the United States Code, 62 Stat. 947 (1948),

3

may be filed with the clerk of any court of common pleas. The clerk shall treat the foreign judgment in the same manner as a judgment of a court of common pleas. A foreign judgment filed pursuant to this section has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of common pleas and may be enforced or satisfied in same manner as a judgment of a court of common pleas

{¶8} Citing Civ.R. 12, Digitalbiz argues that Friedman-Swift has waived the defense of lack of personal jurisdiction and cannot raise the defense at this stage of the proceedings. With respect to the defense of lack of jurisdiction over the person, Civ.R. 12(B) provides that the defense shall be raised in a responsive pleading if such pleading is required, or shall be made by motion prior to the filing of a responsive pleading. Civ.R. 12(H) contemplates the waiver of various defenses. It provides that the defense of lack of jurisdiction over the person is waived if "it is neither made by motion under this rule nor included in a responsive pleading." *See* Civ.R. 12(H)(1). Digitalbiz contends that Friedman-Swift waived the defense of lack of jurisdiction over the person by failing to file in the foreign court either a motion objecting to jurisdiction or an answer raising the defense.

{¶9} We are not persuaded by a waiver argument. Although this district has yet to consider the issue, we find the law in Ohio to be well-settled. Generally, judgments from a sister state are entitled to full faith and credit in Ohio. *Durkin v. Gran Turismo Jaguar*, 11th Dist. No. 98-L-101, 1999 Ohio App. LEXIS 6120, *10 (Dec. 17, 1999), citing *Litsinger Sign Co. v. Am. Sign Co.*, 11 Ohio St.2d 1, 4, 227 N.E.2d 609 (1967). But "a judgment from a sister state is subject to collateral attack

in Ohio if there was no subject-matter or personal jurisdiction to render the judgment under the sister state's internal law or if the assertion of jurisdiction over the defendant violated the Due Process Clause." *Id.* Essentially, "[o]nly foreign judgments which are void are subject to collateral attack in Ohio." *Trimax Holdings v. Larson*, 10th Dist. No. 97APE10-1355, 1998 Ohio App LEXIS 3007, *4 (June 30, 1998).

{¶10} Conversely, it follows that collateral attack in Ohio is precluded if a defendant submits to the jurisdiction of a sister state by appearance in a court of that state. *Litsinger Sign Co.* at paragraph one of the syllabus. On this record, we hold that Friedman-Swift is not precluded from collaterally attacking the foreign court's judgment on the ground that the court lacked personal jurisdiction and, consequently, that its judgment was void. Friedman-Swift made its first appearance in the action in this state's trial court by objecting to the domestication of the judgments. It never made an appearance in the foreign court that would have constituted a submission to that court's jurisdiction.

{¶11} In *Rita Ann Distrib. v. Brown Drug Co.*, 164 Ohio App.3d 145, 2005-Ohio-5786, 841 N.E.2d 400 (2d Dist.), the Second Appellate District reversed a trial court's judgment granting full faith and credit to a foreign judgment on the ground that the foreign court had lacked personal jurisdiction over the defendant. *Id.* at ¶ 28. As in our case, the defendant in *Rita Ann* had never made an appearance in the foreign court and had appeared for the first time by objecting to the foreign judgment in an Ohio court. *Id.* at ¶ 7.

{¶12} We hold that a foreign judgment may be collaterally attacked in Ohio on the ground that the foreign court lacked personal jurisdiction over the defendant.

We do so, however, with the understanding that although the judgments of foreign tribunals may be collaterally attacked for lack of either subject-matter jurisdiction or personal jurisdiction, when those issues have been "fully and fairly litigated in the court which rendered the original judgment, then that judgment is generally entitled to full faith and credit by other courts." *Dollar Bank v. Bernstein Group, Inc.*, 71 Ohio App.3d 530, 533, 594 N.E.2d 1074 (10th Dist.1991), citing *Durfee v. Duke*, 375 U.S. 106, 111, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963).

{¶13} We are aware that our decision, and Ohio law, may have the unfortunate result of allowing defendants to, in essence, sit back and watch while a foreign judgment is obtained and then attack that judgment once filed in Ohio. But it would be manifestly unfair to find that a defendant had waived a personal-jurisdiction defense by failing to raise it in the foreign court. Such a requirement would force a defendant to appear in a foreign court that the defendant believes lacks jurisdiction, possibly resulting in a submission to that court's jurisdiction.

{¶14} The trial court did not err in allowing Friedman-Swift to raise the defense of lack of personal jurisdiction. We do not reach the issue of whether the foreign court had actually acquired personal jurisdiction over Friedman-Swift, as that issue is not before this court for review. And our holding takes no position with respect to the merits of Digitalbiz's underlying claims. Digitalbiz remains free to file a creditor action in a court of the appropriate jurisdiction.

{¶15} The sole assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

6

**DINKELACKER** and **FISCHER, JJ.,** concur.


Please note:

The court has recorded its own entry on the date of the release of this opinion.