[Cite as *1st Natl. Fin. Servs. v. Ashley*, 2018-Ohio-3134.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| 1st National Financial Services, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 17AP-638 |
| v. | : | (M.C. No. 2015CVF-13668) |
| Stacia Ashley, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on August 7, 2018

---

**On brief:** *Jeffrey A. Catri Co., L.L.C.,* and *Jeffrey A. Catri,* for appellee. **Argued:** *Jeffrey A. Catri.*

**On brief:** *The Legal Aid Society of Columbus, Scott E. Torguson,* and *Catherine L. Beck,* for appellant. **Argued:** *Scott E. Torguson.*

---

APPEAL from the Franklin County Municipal Court

DORRIAN, J.

{¶ 1} Defendant-appellant, Stacia Ashley, appeals from a judgment of the Franklin County Municipal Court denying her motion to vacate the court's prior judgment in favor of plaintiff-appellee, 1st National Financial Services ("1st National"). For the reasons that follow, we reverse and remand.

I. Facts and Procedural History

{¶ 2} On September 13, 2013, Ashley obtained a loan from 1st National for $1,998.31 and executed a loan repayment agreement. On September 24, 2014, 1st National filed a complaint in Franklin County Municipal Court case No. M2014CVI-31681, alleging Ashley violated the loan repayment agreement by failing to make payments on the loan. In November 2014, Ashley entered into a payment arrangement with 1st National providing

for monthly payments and a lump sum payoff.  1st National asserts Ashley made three monthly payments pursuant to that arrangement but failed to make the lump sum payment. 1st National further asserts Ashley subsequently contacted its counsel and agreed to compromise and settle the case by signing a Cognovit Promissory Note ("cognovit note"). On February 28, 2015, Ashley signed a cognovit note in favor of 1st National for $1,423.70. On March 2, 2015, 1st National dismissed case No. M2014CVI-31681 without prejudice.

{¶ 3}  On April 27, 2015, 1st National filed a complaint on the cognovit note in Franklin County Municipal Court case No. M2015CVI-13668, alleging an outstanding balance of $1,073.70.  An answer was filed the same day on behalf of Ashley invoking the warrant of attorney in the cognovit note and confessing judgment against Ashley and in favor of 1st National.  On April 30, 2015, the court entered a judgment entry against Ashley for $1,073.70 plus interest and costs.  The court subsequently ordered garnishment of Ashley's wages to satisfy the judgment.

{¶ 4}  Assisted by new counsel, Ashley filed a motion to vacate the judgment on September 9, 2015, arguing the court lacked subject-matter jurisdiction over the case pursuant to R.C. 2323.13(E)(1) because the underlying loan was a consumer loan. 1st National filed a memorandum in opposition asserting the terms of the cognovit note and the circumstances surrounding the signing of it established it did not arise out of a consumer loan. Because 1st National filed a satisfaction of judgment on November 23, 2015, the trial court denied all pending motions as moot. On appeal, this court held that because the parties disputed whether the loan was a consumer loan for purposes of R.C. 2323.13(E)(1), the proper procedure was to hold an evidentiary hearing and make a determination on that issue.  *1st Natl. Fin. Servs. v. Ashley*, 10th Dist. No. 16AP-18, 2016-Ohio-5497, ¶ 27.  This court reversed the trial court's dismissal of Ashley's motion as moot, remanded with instructions to hold an evidentiary hearing on the issue of whether the cognovit note arose out of a consumer loan as defined under R.C. 2323.13(E)(1), and whether the trial court had jurisdiction to enter judgment on it.  *Id.* at ¶ 29.

{¶ 5}  On remand, the trial court conducted an evidentiary hearing.  Ashley testified on her own behalf, and 1st National presented testimony from its attorney, Kevin O'Brien, and the office manager of O'Brien's office. Following the hearing, the trial court issued a decision denying Ashley's motion to vacate. The court concluded it had subject-matter

jurisdiction over the case, holding that Ashley failed to meet her burden of proving by a preponderance of the evidence that the underlying loan was a consumer loan as defined by R.C. 2323.13(E)(1).

## II. Assignment of Error

{¶ 6}   Ashley appeals and assigns the following sole assignment of error for our review:

> The Trial Court Erred By Assigning The Burden Of Proving That The Transaction Was Not Commercial In Nature On Ms. Ashley, As It Should Have Required 1st National To Affirmatively Prove Each Element Of Its Case.

## III. Discussion

{¶ 7}   Generally, we review a trial court's decision on a motion to vacate for abuse of discretion. *Young v. Locke*, 10th Dist. No. 13AP-608, 2014-Ohio-2500, ¶ 20. In the present case, however, Ashley's motion to vacate implicated the trial court's subject-matter jurisdiction. We review questions of subject-matter jurisdiction de novo. *Klosterman v. Turnkey-Ohio, LLC*, 182 Ohio App.3d 515, 2009-Ohio-2508, ¶ 19 (10th Dist.).

{¶ 8}   "The cognovit is the ancient legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing, and possibly even with the appearance, on the debtor's behalf, of an attorney designated by the holder." *D.H. Overmyer Co., Inc. v. Frick Co.*, 405 U.S. 174, 176 (1972). "The cognovit has long been recognized [in Ohio] by both statute and court decision." *Id.* at 178. Strict compliance with statutory requirements is required to obtain judgment on a cognovit note. "A cognovit judgment is valid if the warrant of attorney to confess judgment and all note terms are strictly construed against the person obtaining the judgment, and court proceedings, based upon such warrant, must conform to every essential detail with the statutory law governing the subject." *Fifth Third Bank v. Pezzo Constr., Inc.*, 10th Dist. No. 11AP-251, 2011-Ohio-5064, ¶ 11, citing *Lathrem v. Foreman*, 168 Ohio St. 186 (1958).

{¶ 9}   Notwithstanding the long legal recognition of cognovit notes in Ohio, the General Assembly has curtailed the use of cognovit notes in consumer transactions. R.C. 2323.13(E) provides that "[a] warrant of attorney to confess judgment contained in any instrument executed on or after January 1, 1974, arising out of a consumer loan or consumer transaction, is invalid and the court shall have no jurisdiction to render a

judgment based upon such a warrant." The statute defines a consumer loan as "a loan to a natural person and the debt incurred is primarily for a personal, family, educational, or household purpose." R.C. 2323.13(E)(1). If a cognovit note arises out of a consumer loan or a consumer transaction, then a judgment entered based on that cognovit note is void and must be vacated for lack of subject-matter jurisdiction. *Shore W. Constr. Co. v. Sroka*, 61 Ohio St.3d 45, 48 (1991).

{¶ 10} "By its very terms, a cognovit note allows for judgment to be taken against the debtor-party without notice or hearing." *Dollar Bank v. Bernstein Group, Inc.*, 71 Ohio App.3d 530, 533 (10th Dist.1991). Thus, the issue of subject-matter jurisdiction or any other defenses available to a defendant may not be fully and fairly litigated by a trial court prior to entering judgment on a cognovit note. *Id.* In recognition of the unique circumstances presented by cognovit judgments, Ohio courts have held that when a party files a motion to vacate a cognovit judgment pursuant to Civ.R. 60(B), a modified test is appropriate. "Where the relief from judgment sought is on a cognovit note, '[t]he prevailing view is that relief from a judgment taken upon a cognovit note, without prior notice, is warranted by authority of Civ.R. 60(B)(5) when the movant (1) establishes a meritorious defense, (2) in a timely application.' " *Fifth Third Bank* at ¶ 8, quoting *Meyers v. McGuire*, 80 Ohio App.3d 644, 646 (9th Dist.1992). Further, "[u]nder Civ.R. 60(B), a movant's burden is only to *allege* a meritorious defense, not to prove that he will prevail on that defense." (Emphasis added.) *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988).

{¶ 11} In the present case, Ashley filed a common law motion to vacate judgment rather than a motion for relief from judgment pursuant to Civ.R. 60(B); however, similar considerations arise because of the nature of a cognovit judgment. Ashley's motion challenged the trial court's subject-matter jurisdiction, which is an issue that can be raised at any time and renders a court's judgment void ab initio. *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 17. Ashley asserted in her motion to vacate that the underlying loan was a consumer loan and, therefore, pursuant to R.C. 2323.13(E), the warrant to confess judgment contained in the cognovit note was invalid and the court lacked subject-matter jurisdiction to enter judgment on it. Ashley's motion to vacate was supported by an affidavit in which she averred she obtained the original loan to help pay personal bills and all funds she obtained from that loan were used for family and household

purposes. Ashley further averred she did not own a business and had never owned a business, and she did not understand the significance of the cognovit note when she signed it. Similarly, at the hearing Ashley testified regarding the nature of the underlying loan:

> Q. Okay. How did you first become involved with 1st National Financial Services?
>
> A. I went in to get a loan.
>
> Q. And when was that?
>
> A. 2013.
>
> Q. Why did you take the loan out?
>
> A. Just bills, personal stuff.
>
> Q. What did you use the money for?
>
> A. Bills and personal stuff.
>
> Q. Do you have an example? I know it was a while ago but ...
>
> A. I probably put something on maybe electric bill, probably bought some household supplies, cleaning, just things that you need around the house.

(Tr. at 9.)

{¶ 12} Ashley likewise testified about her lack of understanding of the details of the cognovit note:

> A. I talked to Mr. O'Brien, and I also talked to his secretary. They really didn't -- It was almost time for us to go back to court. And I called in to ask about the lump sum payment, and he basically said there will be no lump sum payment; I have to pay all of it. And, so, he was trying to force me to pay all of it at that time and said what he could do is this letter, a note.
>
> Q. And so you went into his office at some point, right?
>
> A. Right.
>
> Q. Did you know what a cognovit note was?
>
> A. No

Q. Did anyone in Mr. O'Brien's office explain to you what a cognovit note was?

A. No.

Q. Did you speak to Mr. O'Brien at all when you were in his office?

A. Yes, he came out of his office, shook my hand, came to speak to me very quickly, just a hello introducing his self; and he basically let his secretary do the rest.

Q. So you talked to his secretary about the document you signed?

A. Uh-huh.

Q. Did she explain what a cognovit note was to you?

A. No. She actually said there was no need for me to read it.

Q. Have you ever owned a business?

A. No.

Q. Did you ever tell anyone at 1st National you owned your own business?

A. No.

Q. Did you ever tell Mr. O'Brien that you owned your own business?

A. No.

Q. Did you ever tell anyone in Mr. O'Brien's office that you owned your own business?

A. No.

* * *

Q. Read the first sentence in the second paragraph [of the Cognovit Promissory Note] there.

A. "The parties further stipulate and agree that this note represents the settlement of a commercial matter and that the

> instant note is not given for a consumer loan transaction or debt."
>
> Q. Do you know what that means?
>
> A. I'm assuming -- I really don't.
>
> Q. Okay. Did you know what it meant at the time?
>
> A. No.
>
> Q. And nobody explained it to you?
>
> A. No.
>
> Q. And at all times during your dealings with 1st National and Mr. O'Brien, were you a consumer or were you acting as a business owner?
>
> A. Consumer.

(Tr. at 11-13.) Ashley's affidavit and testimony suggest that 1st National attempted to subvert R.C. 2323.13(E) and employ a cognovit note to collect on a debt arising from a consumer loan.

{¶ 13} 1st National supported its memorandum in opposition to Ashley's motion to vacate with an affidavit from O'Brien, who represented 1st National in both municipal court cases. In the affidavit, O'Brien averred he did not know why Ashley took out the underlying loan or what she used the loan proceeds for, but that he told Ashley she could only sign the cognovit note if the underlying loan proceeds were used for a business purpose. O'Brien further averred that Ashley did not indicate to him that the proceeds of the underlying loan had been used for family or household purposes. O'Brien testified at the hearing that he explained the terms of the cognovit note to Ashley when she came to his office to sign it and that Ashley indicated she did not have any questions. At the hearing, O'Brien testified about his conversation with Ashley when she came to his office to sign the cognovit note:

> Q. Okay. Well, I'm going to jump ahead here, 6, 7 and 8, Ms. Ashley's affidavit is basically saying this was for personal bills. She didn't own a business and never owned a business. Do you recall having any conversation with her about this?

A. I did because I asked her. I said, you know -- and I think the way I put it is, I would feel more comfortable doing this, you know, knowing, you know, if you use this money for a business, great. You know, I had never done a cog before. But given the circumstances here, I thought, you know, it would be acceptable to do it and she certainly represented to me that she'd use the funds for business. I didn't ask her what her business was. She did not say to me that it was for -- to pay, you know, personal bills. She didn't tell me what she was using the money or what she used the money for at all.

The Court: She didn't tell you at all? Is that what you said?

[A.] She didn't tell me at all when she took the loan out in September of '13.

(Tr. at 64-65.)

{¶ 14} The trial court concluded that, as the moving party, Ashley bore the burden of proving by a preponderance of the evidence that the underlying loan was a consumer loan, and she failed to meet this burden. We conclude the court's analysis failed to account for the particular circumstances presented by a cognovit judgment. As explained above, a trial court has no jurisdiction to enter judgment on a cognovit note arising out of a consumer loan. Because of the summary nature of a cognovit judgment, the issue of subject-matter jurisdiction may not be fully litigated prior to entering judgment, as it was not in the present case. Ashley's motion to vacate raised the issue of subject-matter jurisdiction and she testified the underlying loan was a consumer loan, which would have prevented the court from having subject-matter jurisdiction pursuant to R.C. 2323.13(E). If Ashley had filed a motion for relief under Civ.R. 60(B), it would have been sufficient for her to allege a meritorious defense in a timely motion. *See Fifth Third Bank* at ¶ 8. Applying similar principles to her common law motion to vacate judgment, because Ashley alleged facts that would have precluded the court from exercising subject-matter jurisdiction, the court should have placed the burden on 1st National to prove that subject-matter jurisdiction existed, as the party seeking to invoke the court's jurisdiction.

{¶ 15} Accordingly, because the court improperly placed the burden in denying Ashley's motion to vacate, we reverse and remand for application of the proper analysis.

## IV. Conclusion

{¶ 16} For the foregoing reasons, Ashley's assignment of error is sustained, we reverse the judgment of the Franklin County Municipal Court and remand the matter to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed and cause remanded.*

TYACK, J., concurs.
SADLER, J., dissents.

SADLER, J., dissenting.

{¶ 17} I do not believe the trial court committed reversible error when it denied Ashley's motion to vacate the judgment for lack of subject-matter jurisdiction. Accordingly, I would overrule Ashley's assignment of error and affirm the judgment of the trial court. Because the majority does not, I respectfully dissent.

{¶ 18} Under R.C. 2323.13(E) "[a] warrant of attorney to confess judgment contained in any instrument executed on or after January 1, 1974, arising out of a consumer loan or consumer transaction, is invalid and the court shall have no jurisdiction to render a judgment based upon such a warrant." In *1st Natl. Fin. Servs. v. Ashley*, 10th Dist. No. 16AP-18, 2016-Ohio-5497, ¶ 29, this court reversed the judgment of the trial court and remanded the case for the trial court to "determine whether the cognovit note arose out of a 'consumer loan,' as defined under R.C. 2323.13(E)(1) and, in turn, whether it had jurisdiction under R.C. 2323.13(E) to enter judgment on the cognovit note."

{¶ 19} The decision and entry of the trial court, on remand from this court, provides in relevant part as follows:

> Having weighed the evidence adduced at the hearing, and considered the credibility of the witnesses, the Court finds that Defendant has failed to meet its burden, as the movant, to prove by a preponderance of the evidence that the loan underlying this case was a "consumer loan" as defined by R.C. 2323.13(E)(1). In light of the lack of detail regarding what she used the loan money for, the Court finds *Defendant's various general assertions that the loan was for personal and household purposes to lack credibility*.

(Emphasis added.) (Aug. 15, 2017 Decision at 3.)

{¶ 20} The majority concludes the trial court erred when it determined Ashley, as the moving party, had the burden to prove that the loan underlying the cognovit note was

a "consumer loan" as defined in R.C. 2323.13(E)(1). I agree with the majority's conclusion on this point. Under Ohio law, "[o]nce the existence of subject-matter jurisdiction has been challenged, the burden of establishing jurisdiction rests on the party asserting it." *McDaniel v. Phelps*, 1st Dist. No. C-010744, 2003-Ohio-41, ¶ 6, citing *Collins v. Hamilton Cty. Dept. of Human Servs.*, 10th Dist. No. 01AP-1194 (Mar. 21, 2002), *jurisdictional motion overruled*, 96 Ohio St.3d 1440, 2002-Ohio-3344. This court, in *Collins,* noted that "[i]t has been consistently held that once the existence of subject matter jurisdiction has been challenged, the burden of establishing it always rests on the party asserting jurisdiction." *Id,* quoting *Linkous v. Mayfield,* 4th Dist. No. CA1894 (June 4, 1991).

{¶ 21} Though I agree with the majority that the trial court misapplied the burden of proof when it placed the burden on Ashley to establish the lack of trial court jurisdiction, I do not agree the trial court's error warrants reversal in this case given the trial court's express determination that Ashely's testimony was not credible.  As set out above, the trial court made a determination that "[Ashley's] various general assertions that the loan was for personal or household purposes * * * lacks credibility." (Aug. 15, 2017 Decision at 3.)

{¶ 22}  It is axiomatic that a reviewing court must be guided by the presumption that factual findings made by the trier of fact are correct. *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77 (1984). The trier of fact is best able to view the witnesses and make observations as to their demeanor, gestures, and voice inflection and use these observations to judge the credibility of the testimony. *Id. See also Complete Gen. Constr. Co. v. Ohio Dept. of Transp.*, 94 Ohio St.3d 54, 62 (2002) (In a case tried to the court, without a jury, the reviewing court erred when it "rejected the trial court's characterization of [a] witness's testimony on this issue and inserted its own."); *J&H Reinforcing & Structural Erectors, Inc. v. Ohio School Facilities Comm.*, 10th Dist. No. 12AP-588, 2013-Ohio-3827, ¶ 95 ("Whether [appellant's] equipment remained on the job site because of [appellee's] delay was a question of fact, and such matters are best left to the trier of fact.").

{¶ 23} Given the trial court's credibility determination, the only credible evidence submitted to the trial court was that of appellee's  counsel who testified that appellee informed him that the loan was for commercial purposes. Thus, the only credible evidence in the record supports the trial court's finding that the instrument executed on or after January 1, 1974 did not arise out of a consumer loan or consumer transaction. This being

the case, the only conclusion supported by the evidence presented at the hearing is that the trial court did have jurisdiction to render a judgment based upon the warrant of attorney to confess judgment contained in any instrument executed on or after January 1, 1974.

{¶ 24} Errors that do not affect substantial rights must be disregarded by a reviewing court. *Stanley v. Ohio State Univ. Med. Ctr.,* 10th Dist. No. 12AP-999, 2013-Ohio-5140, ¶ 91; Civ.R. 61; R.C. 2309.59. Because the only credible evidence in the record supports the trial court's denial of Ashely's common law motion to vacate the judgment, any trial court error with regard to the burden of proof could not have affected a substantial right of Ashley. On this record, it is not possible for Ashley to obtain a different result by remanding the matter for the trial court to correctly allocate the burden of proof as there was no credible evidence to support a finding that the underlying loan was a consumer loan or transaction.

{¶ 25} For the foregoing reasons, I would hold the trial court did not commit reversible error when it denied Ashley's motion to vacate judgment. Accordingly, I would overrule Ashley's assignment of error and affirm the judgment of the trial court. Because the majority does not, I respectfully dissent.

———————————